IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Raymond J. Voisine, | ) |
|                Petitioner, | ) |
| | ) Case No. 3:10-cv-01 |
|          vs. | ) |
| State of North Dakota, | ) |
|               Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Raymond J. Voisine ("Voisine") filed a petition for habeas relief under 28 U.S.C. § 2254. (Doc. # 2). He also filed a supplement to his petition. (Doc. #4). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). The court now considers the petition on initial review.

**Background**

In October 2004, Voisine pled guilty to gross sexual imposition under a plea agreement. Voisine v. State, 2008 ND 91, ¶ 2, 748 N.W.2d 429, 431. He was sentenced to five years of imprisonment with four years suspended, and five years of supervised probation. Id. In May 2005, the state petitioned to revoke Voisine's probation because he failed to successfully complete sex offender treatment *while incarcerated,* specifically because he would not accept responsibility for or admit to the offense. Id. at ¶ 3, 748 N.W.2d at 431 (emphasis added). After a revocation hearing, the state district court revoked Voisine's probation and resentenced him to ten years of imprisonment with five years suspended, and five years of supervised probation. Id.

at ¶ 4, 748 N.W.2d at 431.  Voisine did not appeal the judgment, but instead filed a petition for post-conviction relief, which was denied by the state district court.  Id. at ¶ 5, 748 N.W.2d at 432.  Voisine appealed the denial of his petition to the North Dakota Supreme Court, which reversed the state district court, finding Voisine's probation was unlawfully revoked.  The Supreme Court held the district court erred in denying Voisine's petition for post-conviction relief because his conditions of probation did not become effective until Voisine was released from incarceration.  See Voisine v. State, 2008 ND 91, 748 N.W.2d 429.

Voisine states he went home for two and a half months after the North Dakota Supreme Court reversed the state district court.  He was then civilly committed as a sexually dangerous individual.  See In re Voisine, 2010 ND 17, 777 N.W.2d 908.  After Voisine served his sentence for gross sexual imposition and was released in 2008, the state petitioned to commit him as a sexually dangerous individual.  Id. at ¶ 4, 777 N.W.2d at 910.  The state alleged Voisine sexually abused his grandson, fathered three children with two of his daughters, sexually abused his daughters as minors, conceived a child with a sixteen-year-old girl in Maine, and promoted obscenity to a minor by showing pornography to his grandson/son.  Id.  A DNA analysis established with more than 99.99 percent certainty Voisine fathered some of his grandchildren.  Id. at ¶ 2, 777 N.W.2d at 910.

Voisine was evaluated by a psychologist at the North Dakota State Hospital, who found it "highly likely" that he will engage in "further sexually predatory conduct and that [he] is a sexually dangerous individual."  Id. at ¶ 5, 777 N.W.2d at 910.  A psychiatrist from the University of Washington also evaluated Voisine but found he is not a sexually dangerous individual.  Id.  The psychologists' reports and testimony were presented at Voisine's commitment hearing.  Id. at ¶ 6, 777 N.W.2d at 910.

The state district court found incest between a father and his daughters is "sexually predatory conduct" and because Voisine committed incest with his daughters, had sexual contact with his grandchildren, and is supported by his immediate family in his conduct, "it is a near certainty that he will once again engage in sexually predatory conduct without institutional treatment." Id. at ¶ 6, 777 N.W.2d at 910-91.  Voisine appealed the civil commitment order to the North Dakota Supreme Court, which found the state district court erred in finding incest between consenting adults is "sexually predatory conduct."  Id. at ¶ 15, 777 N.W.2d at 913.  The North Dakota Supreme Court could not determine whether the remainder of the civil commitment order was adversely influenced by the error, so it reversed the state district court and remanded for further proceedings and findings of fact.  Id.  The North Dakota Supreme Court issued its unanimous opinion on January 26, 2010, and issued its mandate on February 24, 2010.  See http://www.ndcourts.gov/_court/docket/20090182.htm.

Voisine filed his petition for federal habeas relief on January 14, 2010, prior to the North Dakota Supreme Court's decision.  He filed his supplement on March 9, 2010.  It is unclear if further proceedings, as ordered by the North Dakota Supreme Court, have taken place in the state district court to determine whether Voisine should be civilly committed.  The North Dakota Supreme Court website shows no further appeal from the state district court.

In Voisine's petition he answered "Don't know" to the majority of the questions, including those which requested him to state every ground on which he is being held in violation of the Constitution, laws, or treaties of the United States.  Voisine attached several letters to his petition in which he makes several contentions, including the following:  a neighbor boy sexually assaulted his grandson, and at the request of his daughter he merely checked him for

3

injuries; he pled guilty to checking his grandson for injuries, and the state district court misunderstood his guilty plea and erroneously sentenced him to five years of imprisonment with four years suspended; the North Dakota State Hospital psychologist, who found it "highly likely" that he will engage in further sexually predatory conduct, gave him the wrong test and relied on the prosecutor's "here say (sic) and gossip" in making her determination; and the DNA analysis introduced in his civil commitment proceeding was erroneous because his blood matches his grandchildren's blood only because he is their mother's father. Voisine left blank the question which asked him to identify what relief he is seeking from the court. After considering the petition and its attachments, the supplement to the petition, the procedural history of the case, and the fact that Voisine has already served his sentence on the gross sexual imposition conviction, it appears Voisine is arguing against civil commitment.

## Exhaustion Requirement

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement. Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or (ii)
> circumstances exist that render such process ineffective to protect the rights of the
> applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509,

4

515 (1982)).  The exhaustion doctrine requires a state prisoner to "give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "To satisfy the exhaustion requirement, [Voisine] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law").

Based on the procedural history of this case, it appears Voisine is still in the process of exhausting his state remedies.  Fourteen days after Voisine filed his federal habeas petition, the North Dakota Supreme Court issued an opinion reversing the state civil commitment order, and directing the state district court to hold further proceedings.  Voisine must await a decision from the state district court on whether he will be civilly committed, and if he disagrees with the decision he must appeal it to the North Dakota Supreme Court before seeking habeas relief in the federal district court.  Accordingly, it is **RECOMMENDED** that:

1. Raymond J. Voisine's petition for habeas relief **BE DISMISSED** without prejudice;

2. The court certify that an appeal from the dismissal of this action may not be taken IFP because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued with respect to any of the issues raised by Raymond J. Voisine in this action.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than April 12, 2010, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 23rd day of March, 2010.

                                                /s/ *Karen K. Klein*
                                                Karen K. Klein
                                                United States Magistrate Judge